**Ruben Emilio CASTILLO–GOMEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70927.

Agency Nos. A73–989–604, A73–989–605.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Karen L. Levine, Jerry Levine, Esq., Levine Law Offices, San Diego, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ruben Emilio Castillo-Gomez, pro se.

Regional Counsel, Laguna Niguel, CA, Office of Immigration Judge Executive Office of Immigration Review, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq., Anthony W. Norwood, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Ruben Emilio Castillo–Gomez, and his son Pablo Ruben Castillo–Maldonado, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of an Immigration Judge's denial of their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Castillo–Gomez did not present sufficient evidence to compel a finding that he suffered past persecution or that he has an objectively reasonable fear of persecution upon his return to Guatemala. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because petitioners failed to qualify for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n. 5 (9th Cir. 2003).

** This disposition is not appropriate for publication and may not be cited to or by the

Petitioners' remaining contentions are unpersuasive.

Petitioners do not challenge the agency's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

We do not consider the exhibits attached to petitioners' brief because they were not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.
* The panel unanimously finds this case suitable